The document below is hereby signed.

Signed: June 11, 2014



*S. Martin Teel Jr.*

S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| R. ROCHELLE BURNS, | ) | Case No. 88-00409 |
| | ) | (Chapter 13) |
| Debtor. | ) | Not for Publication in |
| | ) | West's Bankruptcy Reporter |

MEMORANDUM DECISION AND ORDER DENYING
AMENDED APPLICATION FOR RELEASE OF UNCLAIMED FUNDS

On April 22, 2014, the court issued an order directing the FDIC as Receiver for National Bank of Washington to supplement its application for release of unclaimed funds. Specifically, the court directed the FDIC to submit full proof of its right to the funds in question in accordance with 28 U.S.C. § 2042. On May 12, 2014, FDIC as Receiver for National Bank of Washington filed an amended application, explaining that although an account record was maintained regarding the amounts owed on the debt in question, it is not available for submission to the court because the cost of retrieving the record from storage would greatly outweigh the $53.71 in funds sought by the application.

The burden is on the FDIC to demonstrate that it is entitled to the funds sought. *Hansen v. United States,* 340 F.2d 142, 144

(8th Cir. 1965).  Although the court can appreciate why the FDIC chose not to incur the expense of recalling the account record from storage, the fact remains that if National Bank of Washington's claim that was the basis for the issuance of the distribution has already been satisfied, circumstances have changed such that the FDIC as Receiver for National Bank of Washington is no longer entitled to the funds.  *Id.* at 367 (*quoting Harris v. Balk*, 198 U.S. 215, 226 (1905) ("It ought to be and is the object of courts to prevent the payment of any debt twice over.")).  For example, the debt may have been one as to which there was a co-debtor, and that co-debtor may have paid the debt.  Or the debt may have been secured by a lien on collateral, and may have been collected via enforcement of that lien.  More than twenty years have passed since the trustee deposited the unclaimed funds with the court, and without account records or equivalent documentation, the court can only speculate as to whether the debt once owed to National Bank of Washington has already been satisfied.  Any overpayment that might result from payment of the unclaimed funds to the FDIC is not simply a matter to be resolved by the FDIC and the debtor.  Instead, § 2042 requires that the court determine FDIC's entitlement to the funds.  It is thus

ORDERED that the FDIC's amended application for release of unclaimed funds (Dkt. No. 61) is DENIED without prejudice to the

2

filing of an amended application demonstrating a present day

entitlement to the funds.

[Signed and dated above.]


Copies to:

Federal Deposit Insurance Corp.
Attn: BACU, Fund 4257
P.O. Box 971774
Dallas, TX 75397-1774

Federal Deposit Insurance Corp.
Attn: Carl T. Maxwell III
1601 Bryan St.
Dallas, TX 75201